UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK GRAY, On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXCEN BRANDS, INC., DAVID S. OROS, ROBERT W. D'LOREN, and DAVID B. MEISTER,<br><br>Defendants. | No. 08 Civ. 4906 (MGC) |
| RONALD DOTY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXCEN BRANDS, INC., DAVID S. OROS, ROBERT W. D'LOREN, and DAVID B. MEISTER,<br><br>Defendants. | No. 08 Civ. 5172 (MGC) |
| WAEL HAMMOUD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXCEN BRANDS, INC., ROBERT W. D'LOREN, and DAVID B. MEISTER,<br><br>Defendants. | No. 08 Civ. 5063 (MGC) |
| FRANK B. FALKSTEIN, On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXCEN BRANDS, INC., DAVID S. OROS, ROBERT W. D'LOREN, and DAVID B. MEISTER,<br><br>Defendants. | No. 08 Civ. 6126 (MGC) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF VINCENT J. GRANATELLI FOR APPOINTMENT AS LEAD PLAINTIFF, APPOINTMENT OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

## I. INTRODUCTION

Pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the reasons set forth below, Vincent J. Granatelli ("Movant") respectfully moves this Court for an Order appointing him Lead Plaintiff on behalf of himself and all others similarly situated who, between May 10, 2007 and May 19, 2008, inclusive (the "Class Period"), purchased or otherwise acquired securities of NexCen Brands, Inc. (hereinafter "NexCen" or the "Company") and incurred damages as a result of the Defendants' violations of the federal securities laws. Movant also seeks appointment of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as Lead Counsel and the consolidation of all related actions.

A number of complaints have been filed in this Court against NexCen for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5. These complaints (the "Related Actions") are predicated on NexCen's material misstatement or omission, throughout the Class Period, of critical facts regarding its financial condition.

Movant suffered losses[1] of approximately $97,446.25 during the Class Period as a result of Defendants' misleading conduct. Movant is unaware at this time of any other movant with a

---

[1] The losses suffered by Movant, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question that generally cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the executed certifications required under Section 21D of the Exchange Act and based upon reference to information concerning the market for NexCen securities. See Declaration of Catherine A. Torell in Support of Motion of Vincent J. Granatelli ("Torell Decl."), at Ex. B.

2

greater loss. Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because he has "the largest financial interest in the relief sought by [the] class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant is represented in this action by Cohen Milstein, which is seeking appointment as lead counsel and is eminently qualified to prosecute securities class action claims such as this one.

## II.   BACKGROUND

The Related Actions charge NexCen and certain of its officers and directors (the "Defendants") with violations of the Securities Exchange Act of 1934. NexCen operates as a brand management and franchising company in the United States and internationally. The Company owns, licenses, franchises, and markets a portfolio of brands, including Bill Blass, Waverly, The Athlete's Foot, Shoebox New York, Great American Cookies, MaggieMoo's, Marble Slab Creamery, Pretzel Time, and Pretzelmaker.

The Related Actions allege that, during the Class Period, Defendants issued a series of materially false and misleading statements that misrepresented and failed to disclose: (i) that the Company was able to finance a portion of the Great American Cookies acquisition by agreeing to an accelerated-redemption feature, which would force the Company to pay back half of its borrowing by a certain date; (ii) that the Company was unable to comply with this accelerated-redemption feature, which would reduce the amount of cash available to the Company; (iii) that the Company had no reasonable basis for its earnings guidance for fiscal 2008; and (iv) as a result of the foregoing, the Company's ability to continue as a going concern was in serious doubt.

Then, on May 19, 2008, the Company announced that it "expects to amend the company's Annual Report on Form 10-K for the fiscal year ended December 31, 2007." The

Company also stated that its prior financial guidance for 2008 "is no longer applicable." Moreover, the Company revealed that it "is actively exploring all strategic alternatives to enhance its liquidity, including potential capital market transactions, the possible sale of one or more of its businesses, and discussions with the company's lender." Upon this news, shares of the Company's stock fell $1.95 per share, or 77%, to close at $0.58 per share, on heavy trading volume.

### III. <u>ARGUMENT</u>

As discussed below, Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Movant seeks appointment of Cohen Milstein as Lead Counsel for the Class.

#### A. <u>Movant Satisfies the Procedural Requirements For Appointment as Lead Plaintiff</u>

Section 21D of the Exchange Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Securities Act or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on May 28, 2008 (*see* Torell Decl., Ex. A).

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as

lead plaintiff must be filed expires on July 28, 2008. Movant has moved within the statutory 60-day time period. The motion contains the required certifications setting forth, *inter alia*, Movant's transactions in NexCen securities during the Class Period, and indicates that Movant has reviewed a complaint filed in the Action and is willing to serve as a representative party on behalf of the Class. *See* Torell Decl., Ex. B. In addition, Movant has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Cohen Milstein resume at Torell Decl., Ex. C. As noted in the resume, the firm has developed an excellent reputation for successfully prosecuting federal securities law claims.

**B.      Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff**

    **1.      Movant is Presumptively the Most Adequate Plaintiff**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant satisfies each of these requirements. During the Class Period, Movant suffered

losses of approximately $97,446.25 from his purchase of NexCen securities.[2] Movant believes he has the largest financial interest in the relief sought by the Class. Further, Movant is willing to actively participate in the leadership of this litigation through both personal involvement and consultation with his chosen counsel.

Moreover, because Movant possesses a significant interest in the outcome of this litigation, he is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant is both qualified to represent the class and willing to serve as a representative party. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one. Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

### 2.  Movant Satisfies The Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Elan Corp. Sec. Litig.*, 2002 WL 31720410, at *3 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff

---

[2] Copies of Movant's certifications are attached to the Torell Decl. as Exhibit B. Also attached to the Torell Decl. as Exhibit D is a Declaration of Vincent J. Granatelli, in which Mr. Granatelli states that he has full authority to make investment decisions and pursue claims on behalf of each of the nominal accountholders of the accounts under his supervision.

under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'" *Olsten*, 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000). The typicality standard is met even where minor distinctions exist. *Id.* As one court noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin. Corp.*, 184 F.R.D. 556, 563 (E.D. Va. 1999). The typicality requirement is plainly satisfied in the instant case, where Movant seeks the same relief and advances the same legal theories as other class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members do not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

7

Movant is an adequate representative for the class. Movant purchased NexCen securities during the Class Period and, like other putative class members, suffered a loss in the form of the diminution of value in the price of his NexCen stock. Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

C.      **The Court Should Appoint Cohen Milstein as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Cohen Milstein to serve as Lead Counsel, and appointing Cohen Milstein as Lead Counsel would be prudent to protect the interests of the class.

As detailed in its firm resume,[3] Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (approving as lead counsel law firm with "substantial experience and success in prosecuting securities fraud actions").

D.      **The Related Actions Should Be Consolidated Pursuant to Rule 42(a)**

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz*, 199 F. R.D. at 131. Indeed, "in securities actions where the complaints are based on

---

[3] A copy of Cohen Milstein's firm resume is attached to the Torell Decl. as Exhibit C.

8

the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Weltz*, 199 F.R.D. at 131.

The Related Actions present virtually identical factual and legal issues, as they all arise out of the same alleged violation of the federal securities laws. Each action has been filed pursuant to Sections 10(b) and 20(a) of the Exchange Act, involves substantially the same parties, and arises from the same underlying facts and circumstances. "The proper solution to problems caused by the existence of two or more cases involving the same parties and issues simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Alley Fed. Sav. Bank*, 60 F.3d 754, 765 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)); *see also Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Primavera Familienstiftgung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of the related actions is thus appropriate as common questions of law and fact predominate these actions. Fed. R. Civ. P. 42(a). Thus, consolidation is appropriate here. Accordingly, the motion to consolidate the Related Actions should be granted.

## IV.   CONCLUSION

Based on the foregoing, Movant respectfully requests that the Court: (i) appoint him as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel; (iii) consolidate the Related Actions; and (iv) grant such other relief as the Court may deem to be just and proper.

Dated: July 28, 2008

Respectfully submitted,

COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.

_____/s/_____Catherine A. Torell_____
Catherine A. Torell (CT-0905)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

- and -

Steven J. Toll
Daniel S. Sommers
Joshua A. Devore
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

***Attorneys for Vincent J. Granatelli and
Proposed Lead Counsel for the Class***